KEITH A. WEAVER
Nevada Bar No. 10271
Keith.Weaver@lewisbrisbois.com
ALISSA N. BESTICK
Nevada Bar No. 14979
Alissa.Bestick@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendants Angie's Salon LTD,*
*and Angelica Micu aka Angelica Tremillo*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JADE RILEY BURCH,<br><br>               Plaintiff,<br><br>          vs.<br><br>ANGIE'S SALON LTD., a Nevada Domestic Limited Liability Company; and ANGELICA MICU aka ANGELICA TREMILLO, an individual,<br><br>               Defendants. | Case No. 2:25-cv-01960-RFB-BNW<br><br>**DEFENDANTS ANGIE'S SALON LTD. AND ANGELICA MICU aka ANGELICA TREMILLO'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

177321853.1

Defendants Angie's Salon LTD. and Angelica Micu aka Angelica Tremillo (collectively "Defendants"), by and through their counsel of record, Keith A. Weaver, Esq., and Alissa N. Bestick, Esq., of the law firm LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby submits their Opposition to Plaintiff's Motion for Leave to File First Amended Complaint and request that this Court deny Plaintiff's Motion and proposed First Amended Complaint.

This opposition is made and based upon the following memorandum of points and authorities as well as the papers and pleadings on file herein.

DATED this 29th day of May, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____ /s/ Alissa Bestick _____
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants Angie's Salon LTD,
and Angelica Micu aka Angelica Tremillo*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1

2

## DECLARATION OF ALISSA N. BESTICK, ESQ.

I, ALISSA N. BESTICK, ESQ. do declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney duly licensed to practice in the State of Nevada, and an attorney at the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, which has been retained to represent the interests of Defendants in this action. I have personal knowledge of the content of this Declaration, and I am competent to testify thereto if called upon to do so.

2. The facts set forth in this Opposition are true and correct to the best of my knowledge, information, and belief.

3. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the April 23, 2026 deposition transcript of Plaintiff Jade Riley Burch.

4. I make this declaration in good faith and not for purposes of delay.

5. I declare under penalty of perjury that the foregoing is true and correct.

Dated this the 29th day of May, 2026.

/s/ *Alissa Bestick*
Alissa N. Bestick, Esq.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                     3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Jade Riley Burch ("Plaintiff"), appearing *pro se,* filed her initial Complaint against Defendants Angelica Micu a/k/a Angelica Tremillo ("Ms. Micu") and Angie's Salon, LTD ("Angie's Salon") (collectively "Defendants") on October 14, 2025. The initial Complaint related to a "bleach service and haircut" that Plaintiff received at Angie's Salon on or about January 30, 2025. In her initial Complaint, she alleged eight (8) causes of action for (1) negligence; (2) negligence per se; (3) Americans with Disabilities Act, Title III; (4) public accommodations discrimination; (5) negligent hiring, training, and supervision; (6) deceptive trade practices; (7) abuse/neglect of a vulnerable person; and (8) breach of implied contract and breach of implied warranty of workmanlike performance.

Now, almost eight (8) months after filing her initial Complaint and almost sixteen (16) months after the events in question, Plaintiff seeks to amend her Complaint to add additional causes of action in a proposed First Amended Complaint ("FAC"), the bases of which she knew about long before she filed her initial Complaint. Specifically, Plaintiff seeks at add the following new causes of action: (1) "Count V: Public Accommodations Discrimination on the Basis of Gender Identity"; (2) "Count IX: Intentional Infliction of Emotional Distress"; (3) "Count X: Battery"'; (4) "Count XI: Fraud (Fraudulent Concealment and Intentional Misrepresentation)"; and (5) "Count XII: Civil Conspiracy".

Plaintiff's Motion should be denied in its entirety and her request to file her proposed FAC should be rejected for several reasons. First, Plaintiff has failed to comply with the District of Nevada's Local Rules regarding amended pleadings. Second, Plaintiff's requested amendments are futile. Third, Plaintiff has engaged in bad faith in seeking the amendments. Fourth, Plaintiff has engaged in undue delay in seeking the amendment. Fifth, Defendants will suffer undue prejudice if Plaintiff is permitted to make the proposed amendments. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety and reject Plaintiff's proposed FAC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                    4

## II.    ARGUMENT

### A.    Plaintiff's Motion Should be Denied in Its Entirety and Her Proposed FAC Should be Rejected.

Plaintiff is seeking to amend her Complaint pursuant to FRCP 15. As a responsive pleading has been filed in this matter, Plaintiff must seek the leave of this Court to amend her Complaint. *See* FRCP 15(a)(1)-(2). While amendment should be freely granted when justice so requires, "amendment is not automatic." *See e.g. Reale v. Shea,* No. 2:14-cv-00583-APG-GWF, 2014 WL 4206840, at *3 (D. Nev. Aug. 25, 2014) (citing *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

"In the Ninth Circuit, courts consider five factors when determining whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *See e.g. Farkas v. Gedney,* No. 2:14-cv-451-JAD-VCF, 2014 WL 5782788, at *2 (D. Nev. Nov. 6, 2014) (citing *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004)). "Any of the first four factors can serve as a basis for denying a leave to amend." *Id.* (citing *Chudacoff v. Univ. Med. Ctr. of So. Nev.,* 649 F.3d 1143, 1152 (9th Cir. 2011)); *Reale,* 2014 WL 4206840 at *3 (same); *Besserman v. California Factors and Finance (Arizona), Inc.,* No. 2:11-1340-JAD-VCF, 2013 WL 6002877, at *1 (D. Nev. Nov. 12, 2013) ("Futility alone can justify the denial of a motion to amend.") (quoting *Johnson,* 356 F.3d at 1077). "If reasons justify denying opportunity to amend, the court has discretion to foreclose amendment." *See e.g. Farkas,* 2014 WL 5782788 at *2 (citing *Foman,* 371 U.S. at 182). The discretion to permit or deny an amendment rests with the Court. *See e.g. Reale,* 2014 WL 4206840 at *3 (citing *Foman,* 371 U.S. at 182).

Here, Plaintiff's Motion should be denied because: (1) Plaintiff has failed to comply with the District of Nevada's Local Rules regarding such amendments; (2) Plaintiff's requested amendments are futile; (3) Plaintiff has engaged in bad faith in seeking the amendment; (4) Plaintiff has engaged in undue delay in seeking the amendment; and (5) Defendants will suffer undue prejudice if Plaintiff is permitted to make the proposed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

amendments. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety.

### 1. Plaintiff's Proposed FAC is Incomplete Requiring Denial of Her Motion and Rejection of her FAC.

With respect to requests to amend a complaint, Rule 15-1 of the Local Rules of the District of Nevada states that "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading[]" and that "[t]he proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading." Nev. Local R. Prac. 15-1(a) (emphases added); *see also Whitesell. v. Nye County Sheriff's Office,* No. 2:21-cv-01209-APG-VCF, 2021 WL 3201371, at *1 (D. Nev. July 28, 2021) ("An amended complaint must be 'complete in itself, including exhibits, without reference to the superseded pleading.'") (citation omitted).

"The failure to attached a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim." *Whitesell,* 2021 WL 3201371 at *1 (citation omitted); *see also Ivey v. Spilotro,* No. 2:11-cv-02044-RCJ-RJJ, 2012 WL 2788980, at *10 (D. Nev. July 9, 2012) (denying the plaintiff's request to amend the complaint for failure to comply with Local Rule 15-1(a), noting that "[a] court may deny a motion to amend pleadings for failure to comply with the local rules.") (citation omitted); *Motley v. Malta,* No. 2:21-cv-02075-GMN-BNW, 2025 WL 15589095, at *2 (D. Nev. Apr. 25, 2025) (denying the plaintiff's request to amend in part because of her failure to attach a complete copy of the proposed amended complaint under Local Rule 15-1(a)). "A plaintiff is not relieved of his obligations to comply with the rules and procedures of this court simply because he has not retained, or cannot afford to retain, an attorney to represent him." *See e.g. Stone v. St. Rose Hospital,* No. 2:15-cv-00083-JAD-GWF, 2015 WL 6134175, at *1 (D. Nev. Oct. 14, 2015) (citations omitted).

Here, Plaintiff has failed to attach a complete proposed amended pleading requiring denial of her Motion. Plaintiff's purported FAC refers to an astonishing fifteen (15) exhibits,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1

none of which were attached thereto. Such omissions were not merely oversights, as Plaintiff specifically stated in the "Exhibit Index" the following:

> The exhibits identified below are referenced in the foregoing First Amended Complaint. Many are already part of the docket from prior filings and discovery in this matter. Plaintiff will supply or re-file specific exhibits as required during motion practice, in support of dispositive or evidentiary motions, or as otherwise ordered by the Court.

*See* P's FAC at p. 42. In other words, Plaintiff knowingly chose not to include the 15 exhibits to her purported FAC, making it incomplete and in violation of Rule 15-1(a). Beyond failing to comply with Rule 15-1(a), Defendants have no way to assess such alleged exhibits or what impact, if any, they have on Plaintiff's allegations or Defendants' defenses. Accordingly, because Plaintiff's purported FAC fails to comply with Rule 15-1(a), Plaintiff's Motion should be denied.

### 2.    Plaintiff's Requested Amendments are Futile.

As noted above, "[f]utility alone can justify the denial of a motion to amend." *See e.g. Besserman,* 2013 WL 6002877 at *1 (quoting *Johnson,* 356 F.3d at 1077). "The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *See e.g. Boorman v. Nevada Memorial Cremation Society, Inc.,* 772 F.Supp.2d 1309, 1317 (D. Nev. 2011) (citation omitted). In addition, "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *See e.g. Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted).

Here, each of Plaintiff's proposed new causes of action are futile and therefore, her Motion should be denied.

> a. *Plaintiff's New "Count V" for "Public Accommodations Discrimination on the Basis of Gender Identity" is Barred by the Applicable Statute of Limitations and is Therefore Futile.*

Plaintiff attempts to allege a brand new cause of action for public accommodations discrimination in her FAC. Specifically, Plaintiff alleges, pursuant to NRS 651.050, 651.070, and 651.090, that "Defendants denied Plaintiff the full and equal enjoyment of a place of public accommodation by reason of her gender identity[,]" which she claims "is established

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                                    7

by Defendants' post-injury attribution of Plaintiff's chemical burns to her 'hormones,' a causation theory Defendants admit was advanced 'based on text messages alone' and 'without having subsequently seen the alleged injury.'" *See* FAC at ¶ 92. Plaintiff's claim fails as a matter of law making it futile and therefore, her Motion should be denied.

NRS 651.070 states that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation, without discrimination or segregation on the ground of race, color, religion, national origin, disability, sexual orientation, sex, or gender identity or expression." Anyone that violates such protections is liable to the affected person. *See* NRS 65.090(1)(a)-(c). "Section 651.090 provides a private right of action for violations of § 651.070." *See e.g. Belssner v. Nevada,* No. 2:15-cv-00672-APG-PAL, 2017 WL 2990848, at *2 (D. Nev. July 12, 2017). However, "[a] criminal or <u>civil action authorized by</u> NRS 651.075, 651.080, <u>651.090</u>, or 651.100 <u>may not be brought after the expiration of 1 year from the date of the act complained of</u>." NRS 651.120 (emphases added); *see also Belssner,* 2017 WL 2990848 at *2 ("The limitations period for bringing a claim under § 651.090 is '1 year from the date of the act complained of.'") (quoting NRS 651.120). In *Belssner,* the plaintiff filed his NRS 651.070 claim more than a year after the events giving rise to that claim and the court dismissed it as untimely in violation of NRS 651.120. *See* 2017 WL 2990848 at *2.

Here, Plaintiff claims that the alleged discrimination (which Defendants deny) occurred no later than January 30, 2025 and/or January 31, 2025. *See generally* Complaint. Plaintiff did not assert her discrimination claim until she served her proposed FAC with her Motion on May 16, 2026, more than one year after the events in question. Accordingly, Plaintiff's discrimination claim is time-barred as a matter of law and is therefore futile. *See e.g. Bondurant v. City of Battle Ground,* 698 Fed.App. 361, 362 (9th Cir. 2017) ("Futility alone can justify the denial of a motion to amend" and affirming denial of a motion to amend the complaint because the plaintiff's claim was time-barred and therefore futile) (citation omitted). As such, Plaintiff's Motion should be denied.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

> b. *Plaintiff's New "Count IX" for "Intentional Inflection of Emotional Distress" Fails as a Matter of Law and is Therefore Futile.*

Plaintiff attempts to allege a brand new cause of action for intentional infliction of emotional distress ("IIED") in her proposed FAC. Plaintiff's proposed FAC fails to allege any facts that rise to the level of "extreme and outrageous conduct," as required and therefore, Plaintiff's IIED cause of action fails as a matter of law and is futile.

To recover under a claim of IIED, a plaintiff must establish: (1) the defendants' conduct was extreme and outrageous; (2) the defendants either intended or recklessly disregarded causing the emotional distress; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the defendants' conduct actually or proximately caused the distress. *See e.g. Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 447, 956 P.2d 1382 (1998); *Posadas v. City of Reno,* 109 Nev. 448, 456, 851 P.2d 438 (1993). "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *See e.g. Maduike v. Agency Rent-A-Car,* 114 Nev. 1, 4, 953 P.2d 24 (1998) (citation and internal quotation marks omitted). Indeed, "persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id.* (citation omitted).

In *Maduike,* the plaintiffs, who rented a car from the defendant rental company, alleged IIED when their rental car veered off the road and struck a rock, physically injuring three of the plaintiff passengers. 114 Nev. at 3. The plaintiffs alleged IIED, asserting that the defendant's conduct was extreme and outrageous because (1) the company rented them a three year-old car with over 53,000 miles and only $349.00 in repairs expended; (2) the company rented the car without inspecting it after a month's rental to another customer; (3) the company rented the car to them despite a readily apparent brake or tire problem; and (4) the company refused to take any measures to repair the vehicle after the plaintiffs had initially complained of brake problems. *Id.* at 4. The Nevada Supreme Court found that such conduct did not constitute extreme and outrageous conduct. *Id.* at 5.

Here, Plaintiff's proposed FAC fails to allege any facts to support an IIED claim. First,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1

Plaintiff failed to allege any facts to support the notion that Defendants intended to cause, or recklessly disregarded a probability of causing, her emotional distress. Second, the conduct complained of was not "extreme and outrageous." Instead, to support her claim, Plaintiff merely alleges that Defendants left her unattended during active chemical processing; they applied toner on the alleged burns; that after looking at Plaintiff's scalp, Defendants attributed the alleged injury to "hormones," which was made without inspection of Plaintiff's scalp; and Defendants did not respond to Plaintiff's demands for settlement. *See* FAC at ¶ 120.

In addition to Plaintiff failing to allege any facts that Defendants knew that Plaintiff's scalp was "burn[ing]" or that it had been "burn[ed]," even assuming the allegations are correct (which Defendants dispute), leaving Plaintiff unattended during processing, applying toner, suggesting that Plaintiff's alleged injuries might be from her hormone treatment, and not responding to her settlement demands do not rise to the level of "extreme and outrageous." At most, Plaintiff's allegations are noting more than claims of inconsideration and unkindness. As noted above, "persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Maduike,* 114 Nev. at 4 (citation omitted). Accordingly, Plaintiff's IIED claim fails as a matter of law and is therefore futile. Plaintiff's Motion should therefore be denied. *See e.g. Bondurant,* 698 Fed.App. at 362 ("Futility alone can justify the denial of a motion to amend[.]") (citation omitted).

### c. Plaintiff's New "Count X" for "Battery" Fails as a Matter of Law and is Therefore Futile.

Plaintiff attempts to allege a brand new cause of action for battery in her proposed FAC. She admits that she consented to treatment but now asserts that her "consent to physical contact during the service was conditional and existed only within defined parameters[;]" that "Plaintiff's consent was limited to a chemical service performed with such monitoring and prompt response[;]" that "Consent to contact outside those limits was never given[;]" and that "[t]he physical contact that actually occurred was materially different

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                                    10

in nature, risk, and character from the contact Plaintiff authorized." *See* FAC at ¶¶ 126-128. Plaintiff's claim for battery fails as a matter of law and is therefore futile.

A battery claim may exist where no consent at all has been obtained; however, when consent is provided and a question arises regarding whether the scope of that consent was exceeded, the claim is a negligence claim, not one for battery. *See e.g. de Becker v. UHS of Delaware, Inc.,* 555 P.3d 1192, 1198 (Nev. 2024); *Ditto v. McCurdy,* 510 F.3d 1070, 1077 (9th Cir. 2007) (citations omitted); *Wright v. Starr,* 179 P. 877, 878 (Nev. 1919) ("Lack of consent is an essential element of the offense of assault and battery.").

Here, Plaintiff's battery claim acknowledges that she provided consent, but claims that the contact that occurred was beyond what she consented to. Such a claim is one for negligence, not one for battery. Accordingly, Plaintiff's claim for battery fails as a matter of law and is therefore futile. Plaintiff's Motion should therefore be denied. *See e.g. Bondurant,* 698 Fed.App. at 362 ("Futility alone can justify the denial of a motion to amend[.]") (citation omitted).

> d. *Plaintiff's New "Count XI" for "Fraud (Fraudulent Concealment and Intentional Misrepresentation)" Fails as a Matter of Law and is Therefore Futile.*

Plaintiff attempts to allege a brand new cause of action for fraud in her proposed FAC; however, rather than make any argument or basis in support of the such a claim in her Motion, she has simply included it in her proposed FAC in an attempt to sneak it in without it being noticed. *See generally* P's Motion; *see* FAC at ¶¶ 133-146. This alone should provide sufficient ground to deny Plaintiff's Motion. On the merits, however, Plaintiff's claim for fraud fails as a matter of law and is therefore futile.

"A claim for intentional misrepresentation or fraud requires proof of five elements by clear and convincing evidence: (1) Defendants made a false representation; (2) Defendants knew or believed that their representation was false, or Defendants had an insufficient basis of information for making the representation; (3) Defendants intended to induce plaintiffs to act or refrain from acting upon the misrepresentation; (4) Plaintiff justifiably relied upon Defendants' representation; and (5) Plaintiff sustained damages as a result."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*See e.g. David v. HSBC Bank USA, N.A.,* No. 2:10-cv-01373-GMN-PAL, 2012 WL 4361023, at *3 (D. Nev. Sept. 20, 2012) (citing *Barmettler,* 114 Nev. at 446-47). Pleading fraudulent concealment requires the following elements:

> (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant[] intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant[] concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*See e.g. Banq, Inc. v. Purcell,* No. 2:22-cv-00773-APG-DJA, 2025 WL 2163327, at *10 (D. Nev. July 29, 2025) (quoting *Leigh-Pink v. Rio Props, LLC,* 512 P.3d 322, 325-26 (Nev. 2022)).

Pursuant to FRCP 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See e.g. Vested Housing Grp., LLC v. Principal Real Estate Investors, LLC,* No. 2:13-cv-01643-RCJ-PAL, 2014 WL 129830, at *3 (D. Nev. Jan. 10, 2014) (citing FRCP 9(b)). "[A] plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (citation omitted). Indeed, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citation omitted).

This requires that a "plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (citation omitted); *Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP,* 812 F.Supp.2d 1211, 1218-19 (D. Nev. 2011) (same). The plaintiff must also demonstrate that "he or she acted in reliance on false representations." *See e.g. BIB Contr. Co. v. City of Poughkeepsie,* 204 A.D.2d 947, 948 (N.Y.S. 1994) (citations omitted); *Soft Water Utilities, Inc. v. LeFevre,* 308 N.E.2d 395, 398 (Ind. Ct. App. 1974) ("Another element of fraud is that the person wronged must show that he was deceived and acted in reliance on the misrepresentations."); *Van Marter v. Am. Fidelity Fire Inc. Co.,* 318 N.W.2d 171, 184 (Mich Ct. App. 1982) ("When pleading a claim of fraud,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                    12

plaintiff must plead that he acted in reliance on defendant's fraudulent statement.") (citation omitted). Dismissal is proper when a plaintiff fails to allege that she relied on the false representation. *See e.g. Van Mater,* 318 N.W.2d at 184 ("The plaintiff has failed to allege that he relied on defendant's statement and therefore has not stated a cause of action for fraud.").

Further, reliance on the false representation must be reasonable. *See e.g. David,* 2012 WL 4361023 at *3 (an essential element of fraud is "justifiabl[e] reli[ance] upon Defendants' representation[.]"); *Soft Water,* 308 N.E.2d at 398 ("A person has a right to rely upon representations where the exercise of reasonable prudence does not dictate otherwise."); *Matter of Jeremy Paradise Dynasty Trust,* No. 2021-0354-KSJM, 2023 WL 1241903, at *10 n.138 (Del Ch. Jan. 31, 2023) ("In order to plead a claim for fraud . . . the plaintiff must in fact have acted or not acted in justifiable reliance on the representation.") (citation omitted).

Here, Plaintiff has utterly failed to plead a claim for fraud, intentional misrepresentation, and fraudulent concealment. With respect to fraud and intentional misrepresentation, Plaintiff alleges that Defendants made "intentional misrepresentations regarding the cause of [her alleged] injury in the days immediately following this service." *See* FAC at ¶ 134. Specifically, she alleges that Defendants attributed her alleged injury to her "medication" or "hormones." *See generally* FAC at ¶¶ 141-144. Plaintiff has failed to allege what is misleading about such alleged statements; why they are false; that she acted in reliance on such alleged false representations; or that such non-alleged reliance was reasonable. As such, Plaintiff has failed to plead fraud and intentional misrepresentation making such claims deficient as a matter of law and therefore futile.

With respect to fraudulent concealment, Plaintiff alleges in her proposed FAC that Defendants engaged in "fraudulent concealment of Plaintiff's developing chemical injury during the January 30, 2025 service" and "concealed the [alleged] injury[.]" *See* FAC at ¶¶ 134-140. However, Plaintiff's other allegations demonstrate that she was aware of the alleged injury immediately, thereby destroying a necessary element of her fraudulent

concealment claim. Specifically, in her FAC, Plaintiff alleges that "Micu applied peroxide-based bleach developer directly to Plaintiff's scalp. Micu then left Plaintiff unattended during active chemical processing while she serviced another client. . . . During Micu's absence, **Plaintiff's scalp began to burn severely. Plaintiff experienced intense pain and blistering**. . . . The scalp remained visibly red and inflamed upon Plaintiff's departure from the salon. *See* FAC at ¶¶ 29, 32, 32 (emphasis added). Because Plaintiff was immediately aware of the alleged injuries, her fraudulent concealment claim fails as a matter of law and is therefore futile.

Because Plaintiff's cause of action for fraud, intentional misrepresentation, and fraudulent concealment fail as a matter of law and are therefore futile, Plaintiff's Motion should be denied. *See e.g. Bondurant,* 698 Fed.App. at 362 ("Futility alone can justify the denial of a motion to amend[.]") (citation omitted).

> e. *Plaintiff's New (Count XII" for "Civil Conspiracy" Fails as a Matter of Law and is Therefore Futile.*

Plaintiff attempts to allege a brand new cause of action for civil conspiracy against Ms. Micu and Angie's Salon in her proposed FAC. That cause of action fails as a matter of law.

As noted by Plaintiff, "[a]n actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *See e.g. Collins v. Union Fed. Sav. & Loan Ass'n,* 99 Nev. 284, 303, 662 P.2d 610 (1983) (citations omitted). However, "[u]nder the intracorporate conspiracy doctrine, '[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacity.'" *City of Las Vegas v. Eighth Jud. Dist. Ct.,* No. 86623, 2024 WL 3170683, at *2 (Nev. June 25, 2024) (citations omitted).

Likewise, a corporation cannot conspire with itself and or its agents. *See e.g. Cvent, Inc. v. Eventbrite, Inc.,* 739 F.Supp.2d 927, 938-39 (E.D. Va. 2010) ("[I]t is black letter law that a claim a corporation has conspired with its own agent fails as a matter of law.");

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Johnson v. U.S. Bancorp,* No. 11-35667, 2012 WL 3575299, at *1 (9th Cir. Aug. 21, 2012) ("A corporation cannot conspire with its duly recognized agents when they are acting within the scope of their agency[]" and holding that "[t]hus, neither the Bank's employees nor its attorney can serve as legally cognizable co-conspirators."); *Harvey v. Fearless Farris Wholesale, Inc.,* 589 F.2d 451, 455 n.8 (9th Cir. 1979) ("a single corporation as a matter of law cannot conspire with itself[.]") (citations omitted).

Similarly, one cannot conspire with oneself. *See e.g. California Int'l Chemical Co. v. Neptune Pool Service, Inc.,* 770 F.Supp. 1530, 1535 (M.D. Fla. 1991) ("One can not conspire with oneself in the performance of an act."); *United States v. Parker,* 871 F.3d 590, 605 (8th Cir. 2017) ("For conspiracy to exists there must be at least two co-conspirators, since one cannot conspire with oneself.") (citation omitted); *Blevins v. Aksut,* No. 15-00120-CG-B, 2017 WL 10410658, at *11 (S.D. Ala. Oct. 27, 2017) ("One cannot conspire with oneself in the performance of an act.") (citation omitted); *Letcher v. Apiro, LLP,* 565 F.Supp.3d 1279, 1332 n.31 (N.D. Ga. 2021) ("Naturally, one cannot conspire with oneself because a conspiracy requires an agreement of 'two or more persons.'") (citations omitted).

Here, Plaintiff alleges that Ms. Micu was the manager, agent, and employee of Angie's Salon and that "[a]t all relevant times [Ms. Micu] acted within the scope of her agency and employment with Angie's Salon. *See* FAC at ¶¶ 9-10. For her conspiracy cause of action, Plaintiff alleges that Ms. Micu and Angie's Salon allegedly conspired together. *See* FAC at ¶¶ 147-154. However, because Ms. Micu is the owner, manager, agent, and employee of Angie's Salon, she cannot conspire with Angie Salon as a matter of law. Similarly, she cannot conspire with herself, no matter what her designation is. Accordingly, Plaintiff's cause of action for civil conspiracy fails as a matter of law and is futile. Therefore, Plaintiff's Motion should be denied. *See e.g. Bondurant,* 698 Fed.App. at 362 ("Futility alone can justify the denial of a motion to amend[.]") (citation omitted).

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                    15

### 3.    Plaintiff Has Engaged in Bad Faith in Seeking the Requested Amendment.

To support her Motion, Plaintiff asserts that "Plaintiff recently conducted a deposition, the testimony from which supports both refinements to existing allegations and additional factual development" and that the proposed amended complaint "reflects information developed through ongoing discovery, including recent deposition testimony." *See* P's Motion at pp. 2, 4. She further claims that her proposed FAC "[a]dds four claims" and that "Defendants cannot credibly oppose an amendment that performs the very cleanup their counsel solicited on the record." *See* P's Motion at pp. 2 & 5. Plaintiff's representations are incorrect.

First, Plaintiff's attempt to imply that any changes to her claims other than removal of certain categories of damages were solicited by Defendants is not only unsupported by the record, but a flat out misrepresentation. During Plaintiff's deposition, she agreed to either amend her initial Complaint to dismiss certain damages claims or to execute a stipulation waiving such damages:

> Q. [Defendants' counsel] . . . And then I'm asking this because you have made a claim for lost wages. And you understand you're making a claim for lost wages; correct?
>
> A. [by Plaintiff]  I don't think that's in my Complaint.
>
> Q. When I read it this morning, it was, but if you don't –
>
> A. <u>I don't have lost wages. I have no intention of any of that, you know, no</u>.
>
> Q. Okay. So that will save me some time. I – we have on the record that you're gonna withdraw the claim –
>
> A. I don't remember putting –
>
> Q. – the lost –
>
> A. – that in there.
>
> Q. – wages.
>
> A. I'll take your word for it, but I don't remember putting it in there.
>
> Q. Okay. <u>So it's your testimony that it wasn't your intent to make a claim for lost wages, and you're not pursuing a claim for lost wages; correct</u>?



**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

177321853.1                                                            16

A. <u>Correct. I am not</u>.

Q. <u>And you're not making a claim for loss of future earning capacity; is that right</u>?

A. <u>Yes</u>.

Q. Well, that saves some time.
There was also a claim specific to lost business opportunities. And let me try to find the –

A. That one –

Q. – exact wording –

A. – I do remember.

Q. – for you.
Okay. Loss of professional opportunities. Is that a claim that you're making then?

A. That one, I'll stick to. Yes.

Q. Okay. So if you're claiming loss of professional opportunities, then I think I do need to ask about the wage questions and the income questions because if you're losing professional opportunities, I believe that can result –

A. All right.

Q. – in a loss of wages.

A. I understand. Let's just move that one all together. We'll move on. So I'll –

Q. Okay. So –

A. – waive that one too.

Q. – I just want to – okay.
So you're – <u>to be clear for the record, you're not making a claim that you lost professional opportunities as a result of the incident in question; correct</u>?

A. <u>Correct. I'll waive it</u>.

Q. Okay. And you intend to eventually clean that up from the Complaint by amending the Complaint or signing a stipulation to that effect; correct?

A. I can do that, yeah. No problem.

*See* **Exhibit A** at 20:6-25; 21-1-25; 22:1-9 (emphases added). At no time did Defendants' counsel solicit Plaintiff to amend her initial Complaint beyond dropping certain categories

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of her alleged damages. Plaintiff's attempt to claim otherwise is in bad faith and her Motion should be denied.

Second, Plaintiff has pointed to no information that is "new" to support her proposed FAC. Indeed, all information cited was information that she knew at the time of the alleged incidents and when she filed her initial Complaint. In fact, she attempts to claim that new information was learned from her own depositions testimony. Such bad faith assertions must be rejected and her Motion should be denied.

Third, she claims that her proposed FAC "adds four claims[;]" however, it attempts to add five claims. In other words, Plaintiff has misrepresented the number of claims that she is attempting to add. As noted above, Plaintiff has added a claim for fraud, fraudulent concealment, and intentional misrepresentation that has been entirely omitted from her Motion. No doubt, this has been done in an attempt to sneak it in under the radar. Such bad faith conduct should be rejected and Plaintiff's Motion should be denied.

Fourth, a review of Plaintiff's initial Complaint and her proposed FAC reveals that all information added was known to Plaintiff long before she filed her initial Complaint. *See e.g. Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) (affirming denial of a motion to amend where "[t]he factual bases of the claims were known to [the plaintiff] long before[]" and the plaintiff was "simply restating its prior claims under new labels."); *Parrish v. Smurfit Stone Container Enterprises, Inc.,* No. 3:10-cv-00272, 2011 WL 13398800, at *1 (M.D. Tenn. Nov. 23, 2011) ("Courts are especially inclined to deny a motion to brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.") (citation omitted); *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984) ("Where a party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (citation omitted).

Plaintiff's attempt to mislead this Court into believing that she has discovered new

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1

18

facts (in large part based on her own testimony) is belied by the alleged facts in her initial Complaint. Despite their futility, there is no excuse why Plaintiff did not include the information in her proposed FAC at the time she filed her initial Complaint. Accordingly, Plaintiff's Motion has been made in bad faith and should be denied.

### 4.    Plaintiff has Engaged in Undue Delay in Seeking the Amendment.

The Ninth Circuit has held that "an eighth month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted); *see also Colvin v. Razavi,* No. 2:22-cv-01395-CDS-DJA, 2024 WL 6915555, at *3 (D. Nev. July 15, 2024) ("The Ninth Circuit has 'held that an eighth month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.'") (citations omitted). "[I]n evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen,* 465 F.3d at 953 (citations and internal quotation marks omitted); *see also Jasper v. Plaquemines Parish Gov.,* No. 25-401, 2026 WL 878624, at *7 (E.D. La. Mar. 31, 2026) ("[W]hen rejecting a request for leave to amend, a court can consider whether a movant has explained its delay in moving and whether the movant knew of the facts underlying its amended complaint at the time its original complaint was filed.") (citation omitted). Indeed, the Ninth Circuit has made clear that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking the amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (citation omitted).

Here, Plaintiff knew all of the pertinent facts to support her proposed FAC prior to the time that she filed her initial Complaint. Indeed, Plaintiff acknowledges that her amendments "aris[e] from the same operative factual nucleus already at issue in this action[.]" *See* P's Motion at p. 2. Plaintiff goes even further and acknowledges that "[t]he core factual nucleus is unchanged[]" and that "[t]he FAC arises from the same January 30, 2025 chemical service and the same eight-month aftermath as the original Complaint." *See*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                    19

P's Motion at p. 6 (emphasis in original). Plaintiff goes on to assert that "Defendants have been on notice of the operative facts since this case was filed." *See* P's Motion at p. 6. Of course, Plaintiff has also been on notice of the operative facts even before Defendants, as this is her case. Plaintiff has identified no new operative facts and the basis for her amendment is based in large part on her <u>own</u> testimony. In other words, Plaintiff was aware of all necessary facts long before the filing of her initial Complaint and she has provided no excuse why such amendments were not included from the outset. Although Plaintiff's initial Complaint was filed almost eight (8) months ago, she has been aware of the operative facts since the time of the events in question (since January 30 and 31, 2025) – almost sixteen (16) months ago.

Accordingly, Plaintiff has unjustly and unduly delayed in requesting her amendments and her Motion should be denied. *See Jasper,* 2026 WL 878624 at *7 (rejecting request to amend because "[t]he facts of this case remain as they were when [the plaintiff] first filed her complaint[.]").

### 5. Defendants Will Suffer Undue Prejudice if Plaintiff is Permitted to Make the Requested Amendment.

Lastly, Plaintiff's Motion should be denied because it would unfairly and unduly prejudice Defendants for several reasons.

First, as noted above, each of Plaintiff's entirely new causes of action (including her cause of action for fraud, fraudulent concealment, and intentional misrepresentation, which Plaintiff has attempted to sneak in under the radar) are all legally deficient and therefore futile. Permitting Plaintiff to amend her initial Complaint to include such legally deficient claims will unfairly and unduly prejudice Defendants as they will be required to defend against improper claims and they will be required to expend additional resources defending against such claims, including the filing of dispositive and/or other motions in response thereto.

Second, as noted above, Plaintiff has unjustly delayed in seeking her amendment, which will cause undue prejudice to Defendants. *See e.g. Minor v. Northville Public*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                     20

*Schools,* 605 F.Supp 1185, 1201 (E.D. Mich. 1985) ("[T]he longer the period of unexplained delay the less will be required of the nonmoving party to show prejudice.") (citation omitted). Defendants have prepared their strategies for their defenses and litigation plan in response to Plaintiff's initial Complaint. The facts of this case have not changed in any meaningful way and permitting Plaintiff's to add numerous new causes of action at this stage would unduly prejudice Defendants, as they would be required to reevaluate their defenses, re-depose the Plaintiff, conduct unanticipated discovery, and otherwise re-evaluate their litigation strategies. Such prejudice is undue, especially in light of the fact that the factual bases for Plaintiff's amendments were known prior to the filing of her initial Complaint and her amendments are legally deficient.

Third, each of Plaintiff's entirely new causes of action are improper attempts to add entirely new legal theories, dramatically expanding the scope of Defendants' potential exposure and liability. This will unfairly and prejudicially hinder Defendants' defenses, as they would have prepared their defenses differently and taken additional and different steps at the outset of the case. Plaintiff's new causes of action will require additional and expanded discovery, since such claims are entirely new in character. This is especially true since Plaintiff's deposition has already been taken – Defendants will need to re-depose Plaintiff as a result of such new and different causes of action. *See e.g. Sun v. District of Columbia Gov.,* No. 12-1919 (ABJ), 2014 WL 12791905, at *1 (D.D.C. Oct. 22, 2014) ("Undue prejudice sufficient to deny leave to amend can be established when, as here, an amendment 'bears only a tangential relationship to the complaint or changes the character of the litigation[]'" and finding undue prejudice because "the proposed new cause of action under the ADA would refocus the litigation and force defendants to engage in additional briefing and potentially extensive discovery on a completely new claim.") (citations omitted); *Learner v. John Hancock Life Ins. Co. USA,* No. CV-09-01933-PHX-ROS, 2011 WL 13185713, at *1-*2 (D. Ariz. Mar. 21, 2011) ("Undue prejudice may be present when an amendment includes a new cause of action, which would require additional discovery[]" and "undue prejudice exists when amendment would require opponent to expend

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

significant additional resources to conduct discovery[.]") (citations omitted).

Because Plaintiff's proposed FAC would cause undue prejudice to Defendants, Plaintiff's Motion should be denied.

## III.   CONCLUSION

Pursuant to the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion and preclude her from filing the proposed FAC.

DATED this 29th day of May, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By        /s/ Alissa Bestick
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants Angie's Salon LTD, and Angelica Micu aka Angelica Tremillo*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                                22

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2026, a true and correct copy of **DEFENDANTS ANGIE'S SALON LTD. AND ANGELICA MICU aka ANGELICA TREMILLO'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

Jade Riley Burch
222 Karen Avenue, Unit 1207
Las Vegas, Nevada 89109
614-725-9452
jaderburch@gmail.com
*Plaintiff, Pro Se*

By   /s/*Emma L. Gonzales*
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

177321853.1                    23