# EXHIBIT A

# EXHIBIT A

Jade Riley Burch; April 23, 2026

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JADE RILEY BURCH,                    )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              ) CASE NO. 2:25-cv-01960-RFB-BNW
                                     )
ANGIE'S SALON LTD., a Nevada         )
Domestic Limited Liability           )
Company; and ANGELICA MICU           )
aka ANGELICA TREMILLO, an            )
individual,                          )
                                     )
        Defendants.                  )
_____)

            VIDEO-RECORDED DEPOSITION OF JADE RILEY BURCH
                  Taken on Thursday, April 23, 2026
                          At 9:59 a.m.


        **ALL APPEARANCES PRESENT VIA VIDEOCONFERENCE**


REPORTED BY:  CINDY WELLS, CCR #692
JOB NUMBER:  LVR 7991139

Page 1

Jade Riley Burch; April 23, 2026

A.    Oh, my God.  A lot.  If I had to pick a number, hours per week --

Q.    Just in general.

A.    I probably do 12 hours a day, maybe more, and then times that by seven.  There you go.

Q.    Seven days a week.  Okay.

And then I'm asking this because you have a claim for lost wages.  And you understand you're making a claim for lost wages; correct?

A.    I don't think that's in my Complaint.

Q.    When I read it this morning, it was, but if you don't --

A.    I don't have lost wages.  I have no intentions of any of that, you know, no.

Q.    Okay.  So that will save me some time.  I -- we have on the record that you're gonna withdraw the claim --

A.    I don't remember putting --

Q.    -- the lost --

A.    -- that in there.

Q.    -- wages.

A.    I'll take your word for it, but I don't remember putting it in there.

Q.    Okay.  So it's your testimony that it wasn't your intent to make a claim for lost wages, and you're not pursuing a claim for lost wages; correct?

Page 20

Jade Riley Burch; April 23, 2026

A.   Correct.  I am not.

Q.   And you're not making a claim for loss of future earning capacity; is that right?

A.   Yes.

Q.   Well, that saves some time.

There was also a claim specific to lost business opportunities.  And let me try to find the --

A.   That one --

Q.   -- exact wording --

A.   -- I do remember.

Q.   -- for you.

Okay.  Loss of professional opportunities.  Is that a claim that you're making then?

A.   That one, I'll stick to.  Yes.

Q.   Okay.  So if you're claiming loss of professional opportunities, then I think I do need to ask you about the wage questions and the income questions because if you're losing professional opportunities, I believe that can result --

A.   All right.

Q.   -- in a loss of wages.

A.   I understand.  Let's just move that one all together.  We'll move on.  So I'll --

Q.   Okay.  So --

A.   -- waive that one too.

Page 21

Jade Riley Burch; April 23, 2026

Q.    -- I just want to -- okay.

So you're -- to be clear for the record, you're not making a claim that you lost professional opportunities as a result of the incident in question; correct?

A.    Correct.  I'll waive it.

Q.    Okay.  And you intend to eventually clean that up from the Complaint by amending the Complaint or signing a stipulation order to that effect; correct?

A.    I can do that, yeah.  No problem.

Q.    Okay.

All right --

A.    Yeah.  I'll write myself a note, yeah.

Q.    -- any other current --

A.    Continue.  Go ahead.  I just want to write myself a note real quick.

Q.    And you'll get a copy of this transcript too.

A.    Oh, yeah, that will work --

Q.    So other than -- other than Elusive Enterprises and Pinkviper Labs, any other current forms of employment?

A.    No.

Q.    Okay.

Okay.  I do have some questions about your medical history just as it relates to your claims in this case.  Do you want to take a break now, or are you okay to keep going?

A.    I can go for a little longer.

Page 22