Jade Riley Burch
Plaintiff, Pro Se
222 Karen Avenue, Unit 1207
Las Vegas, NV 89109
Tel: (614) 725-9452
Email: jaderburch@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Jade Riley Burch**, <br><br> Plaintiff. <br><br> vs. <br><br> **ANGIE'S SALON LTD.,** a Nevada Domestic Limited-Liability Company; and **ANGELICA MICU a/k/a ANGELICA TREMILLO,** an individual, <br><br> Defendants. | Case No.: **2:25-cv-01960-RFB-BNW** <br><br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

## I.  INTRODUCTION

Defendants' Opposition (ECF 31) misreads Local Rule 15-1(a) as compelling evidentiary re-filing, quotes the proposed First Amended Complaint ("FAC") out of context, and applies summary-judgment arguments under the Rule 12(b)(6) "futility" label. None of it carries Defendants' burden.

The FAC arises from the same January 30, 2025 chemical service and the same documented post-injury conduct already pled in the original Complaint. The factual core is unchanged, as Defendants themselves concede. Opp. at 19. The amendments refine the legal theories applied to those facts in light of Defendants' discovery responses and Plaintiff's deposition testimony. Plaintiff filed her Motion on May 16, 2026, within the May 21, 2026 deadline the Court's scheduling order set for amending pleadings. No trial date is set, discovery

does not close until August 19, 2026, and Plaintiff has not previously amended. Leave to amend "shall be freely given when justice so requires," a directive the Ninth Circuit applies with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Motion should be granted.

## II.  ARGUMENT

### A.  The Proposed FAC Satisfies LR 15-1(a).

LR 15-1(a) requires a proposed amended pleading "complete in and of itself without reference to the superseded pleading" and "copies of all exhibits referred to in the proposed amended pleading." Its purpose is to allow the Court and opposing party to read the new pleading without cross-referencing the old one. *See Whitesell v. Nye County Sheriff's Office*, 2021 WL 3201371, at *1 (D. Nev. July 28, 2021). The rule does not require a plaintiff to re-file every evidentiary document mentioned in the pleading's narrative.

The FAC is complete on its face. Every element of every claim is pled within the four corners of the 42-page document. A reader need not consult the original Complaint, any prior motion, or any exhibit to understand the parties, the facts, the theories, or the relief sought. That is what LR 15-1(a) requires.

The "exhibits" the rule contemplates are pleading exhibits incorporated under Federal Rule of Civil Procedure 10(c), documents that are themselves part of the claim, such as a contract sued upon or a deed in a quiet-title action. The materials identified in Plaintiff's Exhibit Index are evidentiary, identified for the Court's convenience, not incorporated under Rule 10(c). The substantial majority were filed with Plaintiff's Motion for Partial Summary Judgment at ECF No. 25, where the text-message exchange, the injury photographs, the medical records, the attorney notices, the certified-mail receipt, the camera screenshots, the voicemail transcript, and

Defendants' own interrogatory responses all appear. Defendants responded to that motion and have had these materials in hand for months. Their assertion that they have "no way to assess such alleged exhibits" is refuted by the docket. Defense counsel reviewed the complete FAC, including the Index, before declining to stipulate. Nothing was concealed.

Defendants' cases do not hold otherwise. *Whitesell*, *Ivey v. Spilotro*, 2012 WL 2788980 (D. Nev. July 9, 2012), and *Motley v. Malta*, 2025 WL 15589095 (D. Nev. Apr. 25, 2025), each involved substantively incomplete pleadings, not pleadings that referenced an indexed evidentiary record already on the docket. *Whitesell* in particular is inapposite: the plaintiff there attached no proposed amended complaint at all, and it was that wholesale absence, not the omission of duplicative exhibits already on file, that made denial appropriate. Here the complete 42-page FAC is attached and self-contained; only materials already in the record were not re-filed.

Even on Defendants' reading, denial would be a disproportionate sanction. Pro se pleadings are "to be liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A technical, curable defect warrants cure, not denial. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). To the extent the Court prefers the complete set physically attached to the proposed pleading, Plaintiff will promptly re-upload all referenced exhibits and refile a fully compliant proposed First Amended Complaint within the time the Court directs. Outright denial, the relief Defendants seek, is not the appropriate remedy.

## B.  The Proposed Amendments Are Not Futile.

Futility applies the Rule 12(b)(6) standard: all allegations are taken as true, all inferences drawn in Plaintiff's favor, and a claim is futile only if it could not survive a motion to dismiss.

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants instead demand summary-judgment-grade proof on the pleadings. Futility is also assessed claim by claim; a defect in one count is no basis to deny leave as to the others, which arise from the same operative facts already in this case.

**1. Count V (Public-Accommodations Discrimination) Is Timely.**

Count V is not new. The gender-identity public-accommodations theory under NRS 651.070 was pled in the original Complaint as Count 4, filed October 14, 2025, well within one year of the January 2025 conduct. Original Count 4 alleged the protected characteristic, Micu's attribution of the burns to Plaintiff's "hormones" rather than the chemical application, the disparate-treatment comparison, and the statutory violation. Compl. ¶¶ 87-89. The same category, statute, remark, place of accommodation, and Plaintiff appear on the face of the timely original pleading. There is no limitations defect.

In the alternative, Count V relates back under Rule 15(c)(1)(B), which turns on a common core of operative facts giving the defendant fair notice. *Mayle v. Felix*, 545 U.S. 644, 659 (2005); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004-07 (9th Cir. 2014). The original Complaint pled the in-person follow-up, the "hormones" attribution, Plaintiff's hormone therapy known to Defendants, and the full discrimination theory. Compl. ¶¶ 19, 22, 74, 86-91. Defendants' own Response to Interrogatory No. 9 describes the identical interaction, stating the suggestion was made "based on Plaintiff's text message alone, and without having subsequently seen the alleged injury." Relation back requires identity of factual predicate, not legal theory. *Mayle*, 545 U.S. at 659. *Belssner v. Nevada*, 2017 WL 2990848 (D. Nev. July 12, 2017), involved an NRS 651 claim with no timely predecessor pleading; here the theory was timely pled. Count V is not futile.

## 2. Count IX (IIED) Pleads Extreme and Outrageous Conduct.

Read in context, the FAC alleges that Defendants held themselves out as specialists, accepted Plaintiff's disclosure of a seizure disorder and chemical sensitivity and her request for monitoring, applied peroxide bleach and abandoned her unattended mid-processing, returned to find her burning and applied toner over burned tissue, then attributed the injury to her gender-affirming "hormones." FAC ¶¶ 14-19, 20-26, 29-33, 41. Conduct may be extreme and outrageous where the actor knows the victim is peculiarly susceptible by reason of a physical condition. Restatement (Second) of Torts § 46 cmt. f; *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90 (1981). Plaintiff's disclosed conditions were such a susceptibility, known to Defendants before service. Whether conduct meets the threshold is generally a jury question where reasonable minds may differ. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882, 886 (1999). *Maduike v. Agency Rent-A-Car*, 114 Nev. 1 (1998), set a floor, not a ceiling, and did not hold that no professional misconduct toward a disclosed-vulnerable client could ever qualify. The FAC's knowledge allegations, taken as true, suffice at the pleading stage. FAC ¶¶ 32-33, 36-41.

## 3. Count X (Battery) Pleads Vitiated Consent.

Defendants' authorities, *de Becker v. UHS of Delaware, Inc.*, 555 P.3d 1192 (Nev. 2024), and *Ditto v. McCurdy*, 510 F.3d 1070 (9th Cir. 2007), address medical-malpractice consent under NRS Chapter 41A, which does not govern cosmetology services. The general rule controls: consent procured by misrepresentation, or exceeded in kind, gives rise to battery. Restatement (Second) of Torts § 892B(2). The FAC pleads two theories. First, consent procured by Defendants' Marketing Representations of expertise, absent which Plaintiff would not have consented. FAC ¶¶ 14-22. Defendants' Opposition does not address this theory; it stands

unrebutted and alone defeats the futility challenge. Second, consent limited to a monitored service, exceeded by unmonitored bleach application and toner over active chemical burns. FAC ¶¶ 126-128. Either theory states a battery.

### 4. Count XI (Fraud) Satisfies Rule 9(b).

The FAC sets out the who, what, when, where, and how of fraudulent concealment (FAC ¶ 138) and intentional misrepresentation (FAC ¶ 142) in numbered subparts, the format Rule 9(b) requires. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Defendants conflate awareness of injury with awareness of cause: Plaintiff felt the burn immediately, but Defendants concealed their role, applying toner to mask it and shifting the cause from "medication" to "sensitivity" to "hormones." FAC ¶¶ 137(b), 142(b). Reliance is pled: Plaintiff accepted the reassurance, returned to the salon, and delayed dermatological evaluation. FAC ¶¶ 38-41, 144. Falsity is pled: hormone therapy does not cause localized caustic burns with same-day onset, diagnosed by treating providers as chemical burns, and the attribution was advanced "without having subsequently seen the alleged injury." FAC ¶¶ 41, 51. Separately, Count XI pleads an independent pre-service fraudulent-inducement theory based on the Marketing Representations. FAC ¶¶ 14-19. The Opposition does not address this theory, which therefore stands unchallenged on futility review. Any Rule 9(b) particularity defect is curable by amendment, not denial. *Vess*, 317 F.3d at 1108.

### 5. Count XII (Civil Conspiracy) Is Not Obviously Futile.

The intracorporate-conspiracy doctrine has a recognized exception where the officer acts in pursuit of personal interests adverse to the injured party. FAC ¶ 148; *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 303, 662 P.2d 610 (1983). The FAC pleads that exception directly: Micu holds Nevada Cosmetology License No. C-34165 in her individual capacity,

separately disciplinable under NRS Chapter 644A and not an asset of Angie's Salon, and the concealment and shifting attributions are alleged to have served her personal credential and reputation. FAC ¶¶ 9, 148-150. Plaintiff need not prove the exception now. Defendants' lead Nevada authority does not support them. The citation is a denial of an extraordinary writ petition rather than a merits decision adopting a rule of Nevada law: the Nevada Supreme Court declined to intervene and allowed the underlying civil conspiracy claim to proceed. Defendants' own authority therefore demonstrates that application of the intracorporate-conspiracy doctrine may depend on factual development rather than dismissal at the pleading stage. The citation form also reflects an unpublished order, citable for persuasive value only under NRAP 36(c), and Defendants' remaining authorities are federal and out-of-state and do not establish Nevada substantive law. Defendants thus offer no binding Nevada authority that the doctrine bars a civil conspiracy claim at the pleading stage. Even if Defendants ultimately prevail on the doctrine, whether Micu acted in pursuit of personal interests outside the scope of agency is a fact-intensive question that cannot be resolved on a Rule 12(b)(6) futility motion. The FAC also pleads conspiracy as cumulative to alter-ego liability. FAC ¶ 153. Defendants may test the theory at summary judgment; they may not foreclose it on the pleadings.

### C.  Plaintiff Has Not Acted in Bad Faith.

Bad faith requires an improper motive or intent to harass, not mere disagreement or imperfection in pleading. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants identify none. Two categories of evidence became available only in 2026 discovery: Defendants' interrogatory admission that the "hormones" attribution was advanced without examination of Plaintiff's scalp (Resp. to Rog. No. 9), and Defendants' produced transcript of the February 28, 2025 attorney voicemail confirming pre-suit notice within the camera-retention

window. FAC ¶¶ 41, 54. These justify pleading theories Plaintiff could not have pled with Rule 11 confidence at the outset. The operative events are unchanged, which is why prejudice is minimal. The evidentiary record and developed theory have changed, which is why amendment is appropriate now rather than at the outset. Amendments resting on facts that predate the original pleading are not inherently in bad faith; the contrary rule would forbid most amendments under Rule 15. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The FAC also withdraws damages categories Plaintiff agreed at deposition not to pursue, reflecting the good-faith calibration Rule 15 is designed to permit.

### D.  Plaintiff Has Not Unduly Delayed.

The Court's scheduling order set the amendment deadline at May 21, 2026; Plaintiff filed her Motion on May 16, 2026. ECF Nos. 27, 29. A motion to amend filed within the deadline fixed by the Court's own scheduling order is timely by definition. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006), affirmed denial on a record involving an exhausted scheduling order and an amendment that would have expanded the case after the close of discovery; none of those conditions is present here. Discovery closes August 19, 2026, dispositive motions are due September 18, 2026, no trial date is set, and the April 23, 2026 deposition transcript is not yet in Plaintiff's possession. ECF No. 27. Delay alone, absent prejudice, is insufficient to deny leave. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

### E.  Defendants Will Not Be Unduly Prejudiced.

Prejudice is the "touchstone" of Rule 15(a) analysis. *Eminence Capital*, 316 F.3d at 1052. The party opposing amendment bears the burden, and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of

granting leave to amend." *Id.* (emphasis in original). Defendants treat each *Foman* factor as independently dispositive; the standard is the opposite, a weighing of the factors against a presumption favoring leave, with prejudice foremost. The required showing of prejudice must be substantial, and Defendants make none.

The same operative facts are in the case today that were in the case in October 2025. Incremental discovery occasioned by an amendment is not undue prejudice where the movant offers a plausible explanation for the timing. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989). Defendants' specific claims fail: defending allegedly deficient claims collapses prejudice into futility; re-evaluating defenses and strategy is what every defendant does after an amended pleading; Plaintiff does not oppose targeted supplemental deposition questioning on the refined theories; and the factual universe, and therefore the scope of discovery, is unchanged.

Most tellingly, Defendants do not identify a single witness who has become unavailable, a single document that has been lost, a single discovery deadline that has expired, or a single litigation decision that cannot be revisited if amendment is permitted. What Defendants have demonstrated is the ordinary inconvenience of an amended pleading. That is not undue prejudice under any Ninth Circuit formulation. *Eminence Capital*, 316 F.3d at 1052.

### III.  CONCLUSION

Defendants have not identified a single *Foman* factor that weighs against amendment with the force required to overcome the Rule 15(a)(2) presumption of liberality. The local-rule objection misreads the rule and, at most, identifies a curable defect Plaintiff has offered to fix. The futility arguments apply the wrong standard, ignore what the FAC pleads, and are silent on at least one independent theory that survives on its own. The bad-faith accusation rests on facts

that were always going to support amendment once discovery confirmed them, offset by Plaintiff's good-faith narrowing of damages. The delay argument ignores that the Motion was filed within the Court's own deadline. The prejudice argument identifies no concrete harm.

For the foregoing reasons, Plaintiff respectfully requests that the Court GRANT her Motion for Leave to File First Amended Complaint, deem the proposed First Amended Complaint filed as of the date of the Court's Order, and direct Defendants to respond within fourteen (14) days of entry.

Dated this 29th day of May, 2026.

Respectfully submitted,

*Jade Burch*

**Jade Riley Burch**
Plaintiff, Pro Se

**BURCH v. ANGIE SALON et al.**

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, I caused the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

>Keith A. Weaver, Esq.
>Alissa N. Bestick, Esq.
>Emma Gonzales, Esq.
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>6385 S. Rainbow Boulevard, Suite 600
>Las Vegas, Nevada 89118
>Keith.Weaver@lewisbrisbois.com
>Alissa.Bestick@lewisbrisbois.com
>Attorneys for Defendants

**Jade Riley Burch**
Plaintiff, Pro Se