KEITH A. WEAVER
Nevada Bar No. 10271
Keith.Weaver@lewisbrisbois.com
ALISSA N. BESTICK
Nevada Bar No. 14979
Alissa.Bestick@lewisbrisbois.com
BRAD J. SHIPLEY
Nevada Bar No. 12639
Brad.Shipley@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendants Angie's Salon LTD, and Angelica Micu aka Angelica Tremillo*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JADE RILEY BURCH,<br><br>Plaintiff,<br><br>vs.<br><br>ANGIE'S SALON LTD., a Nevada Domestic Limited Liability Company; and ANGELICA MICU aka ANGELICA TREMILLO, an individual,<br><br>Defendants. | Case No. 2:25-cv-01960-RFB-BNW<br><br>**DEFENDANTS ANGIE'S SALON LTD, AND ANGELICA MICU AKA ANGELICA TREMILLO'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants Angie's Salon LTD, and Angelica Micu aka Angelica Tremillo ("Defendants") submit their Opposition to Plaintiff's Motion for Sanctions.

This opposition is made and based upon the following memorandum of points and authorities as well as the papers and pleadings on file herein.

DATED this 2nd day of September 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Alissa N. Bestick

KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
BRAD J. SHIPLEY
Nevada Bar No. 12639
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants Angie's Salon LTD, and Angelica Micu aka Angelica Tremillo*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's motion for sanctions lacks any merit whatsoever, and the proper remedy for the supposed violations that Plaintiff complains of is her right to cross-examination, not any sanction for discovery violations.

Importantly, Plaintiff does not challenge the fact that the footage was lost after 30 days, and scrutiny of the relevant timeline shows that Plaintiff has no evidence that Defendants had notice of their obligation to preserve the evidence until after the footage was already gone. While Plaintiff points to text messages about liability insurance and threatening litigation, at the time, the Defendants clearly lacked counsel and had no reason to believe, as unsophisticated, unrepresented parties, that the footage had any relevance whatsoever to the claim being advanced by the Plaintiff at the time.

Ultimately, the relief requested will be rendered moot regardless, as this case is subject to summary judgment as Plaintiff has not disclosed experts necessary for Plaintiff to prove the case. The instant motion is therefore nothing less than an exercise in futility.

The instant motion must be denied.

## II. FACTS OMITTED BY PLAINTIFF'S MOTION

Plaintiff is quick to point to the fact that messages were sent on February 4 relating to insurance and a potential lawsuit. Pltf's Ex. E. However, these messages do not make any request for any type of preservation of documents. The messages were furthermore sent directly to Defendants personally, and there is no evidence to suggest that they had either any experience with litigation, that they had retained or been assigned counsel, or that they had any reason to believe that the footage on their camera showed anything of any relevance to the instant litigation whatsoever.

Plaintiff's Exhibit F is dated February 27, 2025. February 27, 2025 was a Thursday. 30 days from January 31 is Sunday, March 2, 2025, meaning whatever footage existed of January 30 was lost by Sunday morning, March 2, 2025, and whatever footage existed of January 31 was lost by Monday morning, March 3, 2025. While Plaintiff points to discovery

responses where Defendants admit receiving the letter, there is no evidence, or any indication as to *when* that receipt actually occurred. Importantly, the letter on its face indicates it was sent via US Mail. As such, assuming the letter was mailed the day it is dated, a single day for delivery, and instantaneous receipt, Defendants still would not receive the letter until they received their mail on Friday February 28, and they would have had less than an entire business day to review the letter, analyze its contents, and act, before the footage was irretrievably lost. Plaintiff has made no attempt to show when this letter was actually received, but even making every assumption in favor of Plaintiff, it belies belief that it was received in time for Defendants to act upon it.

## III. ARGUMENT

Defendants do not dispute Plaintiff's assertion that the "duty to preserve does not wait for a demand letter or a complaint. It arises when a party knows or reasonably should know that evidence may be relevant to foreseeable litigation."

However, it was simply not reasonable for Defendants to expect that the video footage at issue would be relevant to foreseeable litigation. This case relates to alleged burns on the Plaintiff's scalp from a hair treatment. The dispute related to the existence, causation, and severity of the alleged injuries. Defendants had no reason to believe at that time the video footage had any relevance whatsoever. Even now, Plaintiff's purported explanation as to the relevance and importance of the footage is tenuous as best. To the extent that Plaintiff alleges the footage could potentially show the actual alleged negligence, Plaintiff lacks any expert support for this aspect of the claim whatsoever—without any retained experts Plaintiff has no witness who can possibly opine as to the relevance of anything seen in the underlying video, whether it be with respect to the standard of care, causation, or any other fact in issue.

Plaintiff claims the video is potentially probative of five disputed facts—1) whether Plaintiff was left unattended during chemical processing, 2) whether Micu serviced another client while bleach processed, 3) whether Porscha Ryan accompanied Plaintiff to the follow-up visit, 4) whether Plaintiff reported burning during the service, and 5) how long

chemical product remained on the scalp.

Plaintiff has no expert who can opine that chemicals were left on Plaintiff's scalp for longer than they should have been, regardless of what the video shows. There is no expert to say that deviating from the standard of care in this regard is the cause of the alleged injuries. This is testimony that is far outside the common knowledge of a lay juror, and must be supported by expert testimony. There is none. Each of these facts, while disputed, requires an expert to comment even if Plaintiff were able to meet the burden that Plaintiff's version of the disputed fact is correct. Without an expert to give causal context to these facts, no jury instruction or any other sanction makes any difference. Each of these disputed facts has been rendered moot by Plaintiff's failure to disclose an expert to comment on them.

Moreover, Defendants are not sophisticated and were not represented by counsel on February 4, when the text messages were sent that invoked insurance and potential litigation. Defendants had no idea of their duty to preserve evidence, and no reason to suspect that the video had any relevance.

Additionally, while the letter dated February 27 admittedly was received, and admittedly does explicitly call for preservation of video evidence, there is no evidence of when it was actually received, and given that there is no reason to doubt the February 27 date of the letter, it would require superhuman efforts for the letter to reach Defendants before the footage was already irretrievably lost.

Sanctions of any kind here are wholly inappropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion for Sanctions.

September 2, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Alissa N. Bestick
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
BRAD J. SHIPLEY
Nevada Bar No. 12639
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants Angie's Salon LTD, and Angelica Micu aka Angelica Tremillo*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September 2026, a true and correct copy of **DEFENDANTS ANGIE'S SALON LTD, AND ANGELICA MICU AKA ANGELICA TREMILLO'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

Jade Riley Burch
222 Karen Avenue, Unit 1207
Las Vegas, Nevada 89109
614-725-9452
jaderburch@gmail.com
*Plaintiff, Pro Se*

By /s/ Emma Gonzales
an Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP