**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jade Riley Burch,

Plaintiff,

v.

Angie's Salon Ltd. and Angelica Micu a/k/a Angelica Tremillo,

Defendants.

Case No. 2:25-cv-01960-RFB-BNW

**ORDER**

Before this Court is Plaintiff's motion for leave to file an amended complaint.[1] ECF No. 35. Defendants opposed, and Plaintiff replied. ECF Nos. 36, 37. For the reasons below, this Court grants Plaintiff's motion.

## I. <u>LEGAL STANDARD</u>

A party may amend its pleadings before trial "once as a matter of course" within 21 days of serving it, or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If this period has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In these situations, the court "should freely give leave when justice so requires." *Id.*

Courts must consider five factors when determining whether to grant leave under FRCP 15: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight among these factors. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). *Some* prejudice, however, does not automatically support the denial of leave to amend. The resulting prejudice must be "substantial." *Montes v. Bank of Am.*, No. 2:13-cv-00660-RCJ, 2014 WL 1340232, at *4 (D. Nev. Apr. 3, 2014) (citing *Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996)).

[1] Plaintiff's motion erroneously refers to a second amended complaint, but the proposed filing would be her first amended complaint.

Generally, courts should make all inferences in favor of granting this type of motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Absent a showing of prejudice or a strong showing of any of the remaining factors, the presumption is that leave to amend should be granted. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 342 (D. Nev. 2022). The party opposing amendment bears the burden of showing why leave should be denied. *Id.* at 343.

## II. ANALYSIS

### a. Bad faith

This Court finds that Plaintiff does not seek to amend her complaint in bad faith. The parties explicitly discussed the possibility of Plaintiff amending the complaint during her deposition. ECF No. 36-1 at 22:6-9. And, as Plaintiff points out, defense counsel was the one who introduced the idea of amendment. *Id.*; *see also* ECF No. 37 at 8. Though Plaintiff's proposed amendment arguably goes beyond what the parties contemplated during the deposition, Plaintiff was under no obligation to limit herself to the amendment desired by Defendants. ECF No. 36 at 16. As a result, this Court is not persuaded by Defendants' bad faith arguments.

### b. Undue delay

This Court finds no undue delay, either. Defendants state that Plaintiff knew of the facts supporting her proposed first amended complaint even prior to filing her initial complaint. *Id.* at 18. Defendants cite to *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 and argue this action constitutes undue delay. But that case is distinguishable from the matter before this Court. The delay in *AmerisourceBergen* was particularly detrimental because of the movant's "drastically changed" litigation theory. *AmerisourceBergen Corp.*, 465 F.3d at 953. Here, both parties agree that Plaintiff's amendment arises from "the same operative factual nucleus already at issue." ECF No. 36 at 18; ECF No. 37 at 9. Though Defendants argue that Plaintiff's new causes of action "add entirely new legal theories," this Court disagrees.[2] ECF No. 36 at 20.

Defendants also cite to *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986) in support of their delay argument. *Acri*, however, supports Plaintiff's

[2] This argument will be addressed further in the remainder of this Order.

amendment. There, the movant's attorney admitted to adding a new cause of action as a tactical choice to avoid summary judgment. *Acri*, 781 F.2d at 1399. This delay, in turn, caused prejudice to the opposing party and solidified the denial of amendment. *Id.* Here, there is no evidence that Plaintiff's delay was an intentional or tactical choice. After all, it was defense counsel, not Plaintiff, who suggested amendment in the first place. ECF No. 36-1 at 22:6-9.

**c. Prejudice**

The most crucial factor, prejudice, also weighs in favor of granting Plaintiff's motion to amend. Though Defendants argue they will be unduly prejudiced because Plaintif's new causes of action "dramatically expan[d] the scope of Defendants' potential exposure and liability," this Court is unconvinced. ECF No. 36 at 20.

It is true that Plaintiff's proposed amendment adds four distinct claims which were not present in her initial complaint: intentional infliction of emotional distress, battery, fraud, and civil conspiracy. ECF No. 35-1. But Defendants do not sufficiently explain how these claims would "dramatically" change their defenses or general litigation strategy, and this Court need not entertain such conclusory arguments. *Montes*, 2014 WL 1340232, at *4.

In addition, Defendants' prejudice arguments reference two authorities which are distinguishable from the case at bar and not binding on this Court. ECF No. 36 at 20 (citing cases from the Districts of Columbia and Arizona). In the first case, the District Court of Columbia found undue prejudice where the plaintiff sought to bring an entirely new claim under the Americans with Disabilities Act. *Sun v. D.C. Gov't*, No. cv 12-1919 (ABJ), 2014 WL 12791905, at *1 (D.D.C. Oct. 22, 2014). The plaintiff's original claims were brought under Title VII of the Civil Rights Act, and permitting this amendment "would refocus the litigation" to such an extent that the defendants would be unduly prejudiced. *Id.* at *2.

In the other case cited by Defendants, the District Court of Arizona noted that undue prejudice *may* be present when an amendment includes a new cause of action requiring additional discovery. *Learner v. John Hancock Life Ins. Co. USA*, No. cv-09-01933-PHX-ROS, 2011 WL 13185713, at *1 (D. Ariz. Mar. 21, 2011). The *Learner* Court acknowledged that undue prejudice

exists where amendment would require the other party "to expend significant additional resources to conduct discovery." *Id.*

Here, unlike *Sun* with the plaintiff's proposed ADA claim, Plaintiff's new claims are not so different or technical that they would completely "refocus" the litigation. Additionally, the need for further discovery because of new claims does not automatically create undue prejudice. *Id.* For this Court to find undue prejudice, Defendants would have to provide sufficient details explaining how Plaintiff's amendment would lead to the expenditure of significant additional resources—which they fail to do.

**d. Futility of Amendment**

Courts have discretion to deny leave to amend where the proposed amendment would be futile. *Underwood*, 342 F.R.D. at 346. Denial on this ground, however, is rare—the preferred course of action is to defer ruling on the sufficiency of the allegations until after the amended pleading is filed. *Id.* Here, this Court finds Defendants' futility arguments to be premature and insufficient to deny leave to amend.

Upon considering each of these factors,[3] this Court finds that Defendants have not met their burden of showing why leave to amend should be denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 35) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to detach and file the proposed first amended complaint (ECF No. 35-1, erroneously titled second amended complaint) on the docket.

DATED: September 3, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

[3] Defendants did not address the factor of whether Plaintiff has previously amended the complaint; she has not. Accordingly, this factor weighs in favor of granting leave to amend.